UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ORIGIN GPS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS INSTRUMENTS, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:25-cv-2596<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Origin GPS, Ltd., (Origin) by its undersigned counsel, alleges as follows for its Complaint against Defendant Texas Instruments, Inc. (TI).

**THE NATURE OF THIS ACTION**

1. Origin brings this action against TI, pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 10,037,300 (the '300 Patent) titled "Cloud Programming Sensor Interface Architecture" and U.S. Patent 10,353,854 (the '854 Patent) titled "Cloud Programming Sensor Interface Architecture."

2. Defendant TI has been made aware of the '300 Patent and '854 Patent at least as early as the filing of this suit and continues to infringe.

**THE PARTIES**

3. Plaintiff Origin is an Israeli company with an address at: 2 Negev Street Airport City 7019900, ISRAEL and is the exclusive owner of all right, title and interest in the '300 Patent and '854 Patent.

4. Defendant TI is a Texas Corporation with a headquarters at 12500 TI Boulevard, Dallas, Texas 75243, within this judicial district. TI makes, offers to sell, and sells the accused products throughout the United States.

5. Defendant TI sells the accused products, integrated circuits for interfacing a network and sensors, and Defendant TI, and customers of Defendant TI, use the accused products to practice the methods claimed in the '300 Patent and '854 Patent, throughout the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

7. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

8. This Court has personal jurisdiction over Defendant TI because TI has a regular and established place of business in this district at 12500 TI Boulevard, Dallas, Texas 75243.

9. Venue is proper in this Northern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Upon information and belief, Defendant TI is located in the Northern District of Texas. Defendant TI is doing business in this judicial district, has committed acts of infringement and has regular and established places of business in this District and has employees conducting regular and established business in this judicial district.

## BACKGROUND AND GENERAL ALLEGATIONS

10. US Patent 10,037,300 issued on July 31, 2018. The '300 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '300 Patent claims patent-eligible subject matter and is valid and enforceable.

11.     Origin is the exclusive owner by assignment of all rights, title, and interest in the '300 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '300 Patent.

12.     Defendant TI is not licensed to the '300 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '300 Patent whatsoever.  A true and correct copy of the '300 Patent is attached hereto as **Exhibit A**.

13.     US Patent 10,353,854 issued on July 16, 2019.  The '854 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '854 Patent claims patent-eligible subject matter and is valid and enforceable.

14.     Origin is the exclusive owner by assignment of all rights, title, and interest in the '300 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '300 Patent.

15.     Defendant TI is not licensed to the '854 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '854 Patent whatsoever.  A true and correct copy of the '854 Patent is attached hereto as **Exhibit B**.

16.     The '300 Patent and '854 Patent are presumed valid under 35 U.S.C. § 282. Patent owner has at all times complied with 35 USC 287.

## U.S. PATENT NO. 10,037,300

17.     The '300 Patent includes both Apparatus and Method Claims.  The apparatus claims recite an integrated circuit for interacting with one or more sensors.

18.     The method claims recite a method of controlling sensors.

19.     Claim 1 of the '300 Patent recites:

>   (1) An integrated circuit for interfacing with one or more sensors, comprising:
>     a. a wireless interface configured to connect to a network;

  b. an I/O interface configured to connect to sensors; and

  c. a microprocessor and memory that are programmed to:

   connect to a server via the network; wherein said server executes an application for controlling the sensors;

   transmit identification information and/or location information of the integrated circuit to the application executed by the server;

   receive commands for the sensors from the application executed by the server; and

   transfer the commands to the I/O interface for relaying to the sensors;

   wherein the integrated circuit is configured to control any sensor that can connect electronically to the I/O interface without changing the programming of the microprocessor and memory; and

   wherein the integrated circuit includes a GNSS receiver to acquire location information of the integrated circuit.

20. Claim 10 of the '300 Patent recites:

 (10) A method of controlling sensors, comprising:

  providing an integrated circuit comprising:

   a. a wireless interface configured to connect to a network;

   b. an I/O interface configured to connect to sensors; and

   c. a microprocessor and memory;

  Programming the microprocessor to perform:

   connecting to a server via the network; wherein said server executes an application for controlling the sensors;

   transmitting identification information and/or location information of the integrated circuit to the application executed by the server;

   receiving commands for the sensors from the application executed by the server, and

   transferring the commands to the I/O interface for relaying to the sensors;

   wherein the integrated circuit is configured to control any sensor that can connect electronically to the I/O interface without changing the programming of the microprocessor and memory; and

   wherein the integrated circuit includes a GNSS receiver to acquire location information of the integrated circuit.

## U.S. PATENT NO. 10,037,300

21. The '300 Patent includes both Apparatus and Method Claims. The apparatus claims recite an integrated circuit for interacting with one or more sensors.

22. The method claims recite a method of controlling sensors.

23. Claim 1 of the '854 Patent recites:

> (1) An integrated circuit for interfacing with one or more sensors, comprising:
>> a. a wireless interface configured to connect to a network;
>> 
>> b. an I/O interface configured to connect to sensors; and
>> 
>> c. a microprocessor and memory that are programmed to:
>>> connect to a server via the network; wherein said server executes an application for controlling the sensors;
>>> 
>>> transmit identification information and/or location information of the integrated circuit to the application executed by the server;
>>> 
>>> receive commands for the sensors from the application executed by the server; wherein the commands include a destination address identifying a specific sensor, a command type and a command content; wherein the command content is formatted to fit a format required by the specific sensor;
>> 
>> transfer the command content as is to the I/O interface for relaying to the specific sensor; and
>> 
>> return data from the sensors to the server based on the command type and provided command content.

24. Claim 9 of the '854 Patent recites:

> (9) A method of controlling sensors, comprising:
>> providing an integrated circuit comprising:
>>> a. a wireless interface configured to connect to a network;
>>> 
>>> b. an I/O interface configured to connect to sensors; and
>>> 
>>> c. a microprocessor and memory;
>> 
>> programming the microprocessor to perform:
>>> connecting to a server via the network; wherein said server executes an application for controlling the sensors;
>>> 
>>> transmitting identification information and/or location information of the integrated circuit to the application executed by the server;

>> receiving commands for the sensors from the application executed by the server; wherein the commands include a destination address identifying a specific sensor, a command type and command content; wherein the command content is formatted to fit a format required by the specific sensor;
>
> transferring the command content as is to the I/O interface for relaying to the specific sensor; and
>
> returning the data from the sensors to the server based on the command type and provided command content.

## INFRINGEMENT

25. Defendant TI makes and sells numerous IOT integrated circuits, including a line of products generally referred to as the SimpleLink line of products. Included in the products sold by TI are the CC3200 and CC3220, the CC3551E the CC1352P and the CC330x, 330xMOD, 335x, 335xMOD, 350x, 355x chip series, which connect sensors to a network, including local and wide areas networks and to the internet. The integrated circuits includes processors and wireless connectivity as well as sensor input and output connections.

26. Defendant TI has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '300 Patent and '854 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant TI's Accused Products.

27. Defendant TI also indirectly infringes the '300 Patent and '854 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant TI, at least as early as the service of this Complaint, has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '300 Patent and '854 Patent by providing the accused integrated circuits which its customers use to practice the claimed methods. Defendant TI continues to induce infringement of the '300 Patent and '854 Patent.

28. Defendant TI also indirectly infringes the '300 Patent and '854 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant TI, at least as early as the service of this Complaint, has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '300 Patent and '854 Patent by providing the accused integrated circuits which its customers use to practice the claimed methods. Defendant TI continues to induce infringement of the '300 Patent and '854 Patent.

29. Defendant TI has contributorily infringed and continue to be contributory infringers under 35 U.S.C. §271(c) because, at least as early as the service of this Complaint, with knowledge of the '300 Patent and '854 Patent, Defendant TI supplied and continues to supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial non-infringing use. Defendant TI contributes to its customers' infringement because, with knowledge of the '300 Patent and '854 Patent, Defendant TI supplies the technology that allows its customers to infringe the patent, including the method claims.

30. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant TI's Accused Products directly and indirectly infringe claims of the '300 Patent and '854 Patent.

31. Attached as **Exhibit C** to the Complaint is a claim chart demonstrating the correspondence of the operation of an example accused product with elements of an exemplary, non-representative claim of the '300 Patent.

32. Attached as **Exhibit D** to the Complaint is a claim chart demonstrating the correspondence of the operation of an example accused product with elements of an exemplary, non-representative claim of the '854 Patent.

33. The accused products satisfy the elements of the asserted claims of the '300 Patent and the '854 Patent. Shown below is an example of the features of a SimpleLink IC corresponding to the elements of an exemplary, non-representative, claim of the patents:



*The user controls sensors (represented by a camera, e.g.) via smartphone connected to an application located on a server.*

34. Defendant TI has infringed, and continues to infringe, at least claims 1-18 of the '300 Patent, and/or claims 1-16 of the '854 Patent under 35 U.S.C. § 271(a)(b) and/or (c), by: (i) making, using, distributing, offering to sell, selling and/or importing into the United States, the accused products, that infringe the asserted claims and by performing the claimed methods in the United States; (ii) inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States; and (iii) contributing to the infringement of others and by selling components of the patented systems.

35. Upon information and belief, Defendant TI has directly infringed one or more of the claims of the '300 Patent and '854 Patent under 35 USC 271(a):

*(a) except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells and patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

By engaging in accused activity including making, using, distributing, offering to sell, selling, importing and/or practicing the methods of the accused products in the United States, Defendant TI has infringed and continues to infringe claims of the '300 Patent and/or '854 Patent.

36. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '300 Patent and '854 Patent under 35 USC §271(b):

*(b) Whoever actively induces infringement of a patent shall be liable as an infringer.*

By providing accused products, with instructions, which are used and/or combined to create an infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner, Defendant TI has infringed and continues to infringe claims of the '300 Patent and/or '854 Patent.

37. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '300 Patent and '854 Patent under 35 USC §271(c):

*(c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.*

By providing accused products, and other components and supplies, which are combined, such as with other software and/or as an add-on to systems or programs or otherwise combine to form an infringing system and/or are used in practicing the methods which infringe the claims of the '300

9

Patent and/or '854 Patent, Defendant TI has contributed to, and continues to contributing to, the infringement of the '300 Patent and/or '854 Patent.

38. Defendant TI has been willfully infringing the '300 Patent and/or '854 Patent since at least as early as they became aware of the '300 Patent and the '854 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Defendant TI has intentionally continued their knowing infringement.

39. As a result of Defendant TI's infringement of the '300 Patent and '854 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,037,300

40. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41. Defendant TI has infringed, and continues to directly infringe, at least claims 1-18 of the '300 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products, in the United States.

42. Defendant TI does not have license or authority to the '300 Patent.

43. As a result of Defendant TI's infringement of the '300 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,037,300

44. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

45. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '300 Patent under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

46. Neither Defendant TI nor its customers have license or authority to the '300 Patent.

47. As a result of Defendant TI's infringement of the '300 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,037,300

48. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

49. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '300 Patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '300 Patent, thus contributing to the infringement of the '300 Patent.

50. Neither Defendant TI nor its customers have license or authority to the '300 Patent.

51. As a result of Defendant TI's infringement of the '300 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,353,854

52. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

53. Defendant TI has infringed, and continues to directly infringe, at least claims 1-16 of the '854 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products, in the United States.

54. Defendant TI does not have license or authority to the '854 Patent.

55. As a result of Defendant TI's infringement of the '854 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT V
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 10,353,854

56. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

57. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '854 Patent under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

58. Neither Defendant TI nor its customers have license or authority to the '854 Patent.

59. As a result of Defendant TI's infringement of the '854 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT VI
## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 10,353,854

60. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

61. Upon information and belief, Defendant TI has indirectly infringed one or more of the claims of the '854 Patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '854 Patent, thus contributing to the infringement of the '854 Patent.

62. Neither Defendant TI nor its customers have license or authority to the '854 Patent.

63. As a result of Defendant TI's infringement of the '854 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

A. For a judgment declaring that Defendant TI has infringed U.S. Patent No. 10,037,300 and U.S. Patent No. 10,353,854.

B. For a judgment declaring that Defendant TI's infringement of the '300 Patent and/or '854 Patent has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendant TI from further acts of infringement;

D. For a judgment awarding Plaintiff compensatory damages as a result of Defendant TI's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '300 Patent and/or '854 Patent in an amount to be determined at trial;

    E.    For a judgment and order awarding a compulsory ongoing royalty;

    F.    For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

    G.    For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

    H.    For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

    I.    For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Dated: September 24, 2025

Respectfully submitted,

/s/ Benjamin C. Deming
Benjamin C. Deming
DNL ZITO
3232 McKinney Ave
Suite 500
Dallas, Texas 75204
bdeming@dnlzito.com

Joseph J. Zito
DNL ZITO
1250 Connecticut Ave., NW #700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Attorneys for Plaintiff *ORIGIN GPS, LTD.*